NEHEMIAH HAZEN et Uxor, Reviewers,

*against*

PETER SMITH and JOSIAH CASWELL, Reviewees.

Vide *ante*, vol.
1. p. 105.

DEBT on recognisance entered by a private informer, in pursuance of an order of a Justice of the Peace holding a Court of Inquiry.

Demurrer to the declaration.

This cause was argued and determined upon the same pleadings in favour of the reviewees, in this County, *January* term, 1801. And now,

Upon the re-view of a cause decided upon demurrer, and resting on the same plead-ings, the Court will not prohi-bit the counsel from arguing it again.

*Cook*, for the reviewees, insisted, that as the issue embraced points in law only, which had been so-lemnly argued and decided by the Court, the Court would not now proceed to hear the same points ar-gned; for this would be tantamount to the sustaining a writ of error to reverse the judgment of this Court in matters of law; but that the Court would consider the review as entered merely for the purposes of de-lay, and would without further hearing affirm the judgment of the Court already delivered.

*Vermont* Stat.
vol. 1. p. 53.
chap. vi.

*Sed per Curiam*. The third section of the judi-ciary act secures the right of review in all civil causes originally commenced before the County Court, and brought by appeal to this Court, with certain excep-tions, which do not embrace this case, and the Court cannot deprive a party of this right, with the privi-leges incident to it.

In our judicial system, several trials are allowed, in order to afford the parties time to cast all the light

Hazen et Ux.
v.
Smith and Cas-
well.

upon the subject litigated, of which it may be capa-ble by the adduction of evidence, or the application of arguments or authorities, and also that the Judges may have such view of the subject, as that they may be enabled to administer the law correctly.

The case of a review of a judgment rendered on an issue at law, cannot compare with a writ of error brought to reconsider a bench decision, as a review supposes the cause not to have been sufficiently investigated. But before a writ of error can be brought, the parties have had the opportunities of several trials, and the law will presume that the legal points in the cause have been sufficiently considered and solemnly decided,

The exceptions in demurrer were argued, and the Court decided the declaration sufficient. At *February* term, 1803, the bond was chancered to 100 dols. 92 cts.

Judgment for the plaintiff.

*Daniel Chipman* and *Chauncey Langdon,* for plaintiffs.

—— —— and *John Cook,* for defendants,